UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| L.S., a minor, by and through his parents and legal guardians, DAVID STRODE and SARAH STRODE,<br><br>             Plaintiff,<br>    v.<br><br>KIRSTEN BOLDUAN ET AL.,<br><br>             Defendants. | CASE NO. 3:25-cv-05621-JHC<br><br>ORDER |

# I
## INTRODUCTION

This matter comes before the Court on Defendants' Motions to Dismiss for Failure to State a Claim or in the Alternative, Motions for More Definite Statement. Dkt. ## 5–9. The Court has reviewed the materials filed in support of and in opposition to the motions, pertinent portions of the record, and the applicable law. The Court finds oral argument unnecessary. For the reasons below, the Court; (1) GRANTS in part and DENIES in part Defendants' Motions to Dismiss (Dkt. ## 5–9); and (2) GRANTS in part and DENIES in part Defendants' Motions for More Definite Statement (Dkt. ##5–9).

ORDER - 1

## II
### BACKGROUND

This suit arises out of injuries sustained by Plaintiff L.S. after the structure in which he was living with his biological parents caught fire. Dkt. # 1 at 1. Plaintiff, a minor, brings this action by and through his adoptive parents and legal guardians, David Strode and Sarah Strode. *Id*. at 2. Plaintiff sues five current and former employees of the Washington Department of Children, Youth and Families (DCYF)—Kirsten Bolduan, Paige Snodgrass, Andrea Leal, Veronica De Alba, and Carolyn Gatlin—"individually and in [their] official capacity acting under color of State law." *Id*. at 1–3.

The Complaint alleges a single cause of action against each Defendant: violation of 42 U.S.C. § 1983. *See id*. at 21–23. Plaintiff alleges that he is entitled to "an award of damages" because each Defendant "caused Plaintiff to be subjected to the deprivation of his constitutional rights by directly participating in the deprivation, or by setting in motion a series of events by others which [Defendant] knew or reasonably should have known would cause others to violate Plaintiff's civil rights." *Id*. The Complaint contains detailed factual allegations about Plaintiff's early life, his parents, and the environmental conditions he was exposed to before the fire. *See generally id*. at 3–21. It also describes the fire, its immediate aftermath, and the life-altering injuries that Plaintiff suffered, and continues to suffer, because of the incident. *Id*. Lastly, it provides an overview of Plaintiff's DCYF case and cites the actions allegedly taken, and not taken, by Defendants (and DCYF more generally) between Plaintiff's birth and his eventual removal from his biological parents' custody. *Id*.

ORDER - 2

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] *See* Dkt. # 5 at 1. Defendants contend that the Complaint must be dismissed because: (1) Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment; and (2) Plaintiff's remaining claims are barred by qualified immunity, as Plaintiff has failed to identify which constitutional right(s) Defendants allegedly violated. *Id.* at 6–9. In the alternative, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e). *Id*. at 9. Specifically, they ask the Court to issue an order requiring Plaintiff: (1) to identify which of his constitutional rights Defendants allegedly violated; and (2) to distinguish between his official capacity and individual capacity claims against Defendants. *Id*. at 9–10.

Plaintiff responds that Defendants' Motions fail because: (1) Plaintiff "does not allege claims against Defendants in their official capacity"; (2) "Section 1983 plaintiffs are not subject to heightened pleading standards and are not required to anticipate claims of qualified immunity in their complaints"; and (3) "[e]ven if Plaintiff was subjected to heightened and anticipatory pleading standards[,]" the Complaint successfully pleads violations of Plaintiff's clearly established constitutional rights to bodily integrity and freedom from state-created danger. Dkt. # 16 at 2, 23. Plaintiff further contends that "there is no basis to order Plaintiff to re-plead his claims" as the Complaint "identifies the constitutional rights that were violated, more than meets the standard of notice pleading, and does not allege claims against Defendants in their official capacities." *Id*. at 2. Plaintiff thus requests that if the Court should find the Complaint deficient,

---

[1] Defendants filed five separate motions to dismiss. *See* Dkt. ##5–9. But because the motions are virtually identical aside from the name of the Defendant and the small section on Plaintiff's factual allegations against said Defendant, the Court finds it proper to address the Defendants' Motions collectively. For simplicity, this Order cites only one motion and reply (Dkt. ## 5; 20), but the Court notes that all cited quotations and legal arguments in this Order also appear in the other four Defendants' motions and replies.

ORDER - 3

it should grant Plaintiff leave to amend rather than dismissing Plaintiff's claims with prejudice or ordering Plaintiff to replead. *Id*. at 30.

# III
## DISCUSSION

A.  Legal Standards

    1.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). If a complaint lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory[,]" a court should dismiss the complaint for failure to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

2.  Section 1983 Claims and Qualified Immunity

"Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of state law." *Medicraft v. Washington*, 2024 WL 917584, at *7 (W.D. Wash. Mar. 4, 2024); *see also* 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  As § 1983 "'is not itself a source of substantive rights,'" a plaintiff can maintain a § 1983 claim only if they have alleged a deprivation of a "federal right[ ] elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).  A § 1983 claim can also only be brought against a "person" under the statute.  *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).  As "neither a State nor its officials acting in their official capacities are 'persons' under § 1983[,]" § 1983 claims brought against these defendants are typically barred by the Eleventh Amendment.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[2]

A plaintiff asserting a § 1983 claim is held to the "usual pleading requirements of Rule 8(a)." *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993).  Accordingly, a § 1983 plaintiff need not anticipate a qualified immunity defense or otherwise plead their factual allegations with heightened specificity. *See Crawford-El v. Britton*, 523 U.S. 574, 595 (1998).  But a district court can still dismiss a complaint under Rule 12(b)(6) if it "can determine, based on the complaint itself, that qualified immunity applies." *Groten*, 251 F.3d at 851; *see also Williams v. Cnty.*, 2016 WL 4745179, at *3 (D. Or. Sept. 12, 2016)

---

[2] Section 1983 claims against these defendants may proceed only if "the State has waived its [Eleventh Amendment] immunity" or "Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity[,]" *id.* at 60, neither of which applies here.

ORDER - 5

("[C]ourts have concluded that a claim of entitlement to qualified immunity is properly brought as a motion to dismiss under Rule 12(b)(6)[.]") (collecting cases). This is true even though "[q]ualified immunity is an affirmative defense that must be raised [and proven] by a defendant." *Id.*; *see also Dupris v. McDonald*, 2012 WL 210722, at *3 (D. Ariz. Jan. 24, 2012), *aff'd*, 554 F. App'x 570 (9th Cir. 2014) ("Qualified immunity is an affirmative defense. The defendant asserting qualified immunity bears the burden of both pleading and proving the defense.").

"[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The qualified immunity analysis is a "two-step procedure," though courts may "exercise their sound discretion in deciding which of the two prongs" to address first. *Id.* at 236. The inquiries are: "(1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010)). If, on a Rule 12(b)(6) motion, the court finds that the complaint either fails to plead a violation of the plaintiff's constitutional rights or establish that the officer's conduct was clearly unlawful at the time of the violation, the Court must dismiss the case on qualified immunity grounds. *See Nunes v. Arata, Swingle, Van Egmond & Goodwin (PLC)*, 983 F.3d 1108, 1112 (9th Cir. 2020).

Whether qualified immunity applies is a question of law "that should be determined by the district court at the earliest possible point in the litigation." *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)

ORDER - 6

("We repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."). Yet courts also routinely find that it is inappropriate to resolve questions of qualified immunity at the Rule 12(b)(6) stage.[3] Dismissal on qualified immunity grounds on a Rule 12(b)(6) motion is thus permitted, but rare, with courts often denying qualified immunity and instead encouraging defendants to renew their arguments later in the litigation via a summary judgment motion.[4]

3.   Rule 12(e)

Federal Rule of Civil Procedure 12(e) governs a motion for a more definite statement. Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response" so long as the motion is "made before filing a responsive pleading" and points "out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

---

[3] *See, e.g.*, *Hunt v. City of Los Angeles*, 2013 WL 12164626, at *9 (C.D. Cal. Aug. 19, 2013) ("[T]his case is a good example of the types of cases (i.e., civil rights cases) where dealing with qualified immunity on a motion to dismiss may be inappropriate."); *Zaiza v. Clark*, 2021 WL 5853325, at *16 (E.D. Cal. Dec. 9, 2021), *report and recommendation adopted*, 2022 WL 256474 (E.D. Cal. Jan. 27, 2022) ("A claim is generally not amenable to dismissal under Rule 12(b)(6) on qualified immunity grounds because facts necessary to establish qualified immunity generally must often be shown by matters outside the complaint."); *Chang v. Vanderwielen*, 2022 WL 2871577, at *11 (W.D. Wash. July 21, 2022) ("The Court does not, in any event, find a ruling on qualified immunity appropriate at this [Rule 12(b)(6)] juncture."); *Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004), *abrogated on other grounds by Pettibone v. Russell*, 59 F.4th 449 (9th Cir. 2023) ("[W]hile government officials have the right . . . to raise and immediately appeal the qualified immunity defense on a motion to dismiss, the exercise of that authority is not a wise choice in every case.").

[4] *See, e.g.*, *O'Brien*, 818 F.3d at 936 (reversing district court dismissal on qualified immunity grounds but stating that "[o]nce an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity"); *Chang*, 2022 WL 2871577, at *11 (denying motion to dismiss on qualified immunity grounds but stating that defendants can "reassert [their] entitlement to qualified immunity after further development of the record and through a motion for summary judgment"); *Rupe v. Cate*, 688 F. Supp. 2d 1035, 1050 (E.D. Cal. 2010) (denying motion to dismiss on qualified immunity grounds but stating that defendants "may renew [their qualified immunity argument] on any motion for summary judgment.").

In the § 1983 context, the Supreme Court has held that when a government official asserts qualified immunity, a district court may choose to resolve the qualified immunity question or may "grant the defendant's motion for a more definite statement under Rule 12(e)." *Crawford-El*, 523 U.S. at 598.  This is true *even though* qualified immunity is an affirmative defense and such an order "places no burden on the defendant-official." *See id*.

B.     Analysis

    1.     Official Capacity Claims Against Defendants

Defendants contend that the Court should dismiss Plaintiff's claims against Defendants in their official capacities because such claims are barred by the Eleventh Amendment. *See* Dkt. # 5 at 6.  Plaintiff responds that this argument is "moot and a waste of judicial resources" because "Plaintiff does not assert claims [against] Defendants in their official capacities."  Dkt. # 16 at 29.  For the reasons below, the Court agrees with Defendants.

Because Plaintiff concedes that he does not assert official capacity claims against Defendants, *see* Dkt. # 16 at 29, the Court finds Defendants' Eleventh Amendment argument moot.  But contrary to Plaintiff's Response, s*ee* Dkt. # 16 at 2, 29, the Court does not find the issue of dismissal moot.  Although the text of the Complaint does not specifically advance official capacity claims against Defendants, the case caption clearly names each Defendant "in [their] official capacity." *See* Dkt. # 1 at 1.[5]  Thus, to the extent Plaintiff asserts official capacity claims, the Court GRANTS Defendants' Motions to Dismiss as to these claims.[6]

---

[5] Given the case caption, Plaintiff's contention that the Complaint "does not allege claims against Defendants in their official capacity" appears disingenuous.  *See* Dkt. # 16 at 2.

[6] As the Court dismisses any official capacity claims, it finds Defendants' request for an order clarifying which claims are brought against Defendants in their official versus individual capacities to be moot.

2.      Individual Capacity Claims against Defendants for "Directly Participating"

Defendants contend that the Court should dismiss Plaintiff's claims against Defendants in their individual capacities for acts they directly participated in as barred by qualified immunity. Dkt. # 5 at 7. Defendants argue that "Plaintiff has not specified which of his constitutional rights [Defendants] purportedly violated" and thus has not asserted the elements of a § 1983 claim nor established that Defendants' conduct violated a clearly established constitutional right. *See* Dkt. ## 5 at 7–9; 20 at 3. Plaintiff responds that these arguments fail because: (1) the "Complaint satisfies Rule 8's pleading requirements"; (2) § 1983 plaintiffs "are not subject to heightened pleading standards" and are "not required to anticipate qualified immunity defenses in their complaints"; and (3) the Complaint "pled violations of clearly established constitutional rights"— the right to bodily integrity and the right to be free from state-created danger. Dkt. # 16 at 22–24. For the reasons below, the Court disagrees with both parties in part.

To begin, the Court notes that the parties' briefs appear to conflate the issue of dismissal for failure to state a claim under § 1983 with the issue of Rule 12(b)(6) dismissal on qualified immunity grounds. *See generally* Dkt. ## 5; 16; 20. While these issues are no doubt related, the Court finds it necessary to distinguish them for the purposes of resolving Defendants' motions. Thus, the two separate questions before the Court are: (1) whether the Complaint, viewed in the light most favorable to Plaintiff, states a § 1983 claim that is plausible on its face; and (2) whether the Court can determine, based on the Complaint itself, that Defendants conduct does not violate clearly established constitutional rights of which a reasonable person would have known such that Defendants are entitled to qualified immunity.[7]

---

[7] The Court notes that contrary to Plaintiff's suggestions, *see* Dkt # 16 at 22–23, this inquiry is proper: qualified immunity *can* entitle Defendants to dismissal on a Rule 12(b)(6) motion and a court must base its qualified immunity determination *on the complaint itself*, even though qualified immunity is an affirmative defense. *See Groten*, 251 F.3d at 851.

ORDER - 9

As for the first question, the Court finds that the Complaint states a claim under § 1983 that is plausible on its face. Although the Court agrees with Defendants that "Plaintiff has not specified which of his constitutional rights [Defendants] purportedly violated[,]"[8] *see* Dkt. # 5 at 8, the Court rejects Defendants' suggestion that this failure negates his ability to assert the elements of a § 1983 claim. *See* Dkt. ## 5 at 9; 20 at 3. As § 1983 plaintiffs are not subject to heightened pleading standards, *see Crawford-El*, 523 U.S. at 595, the Court cannot dismiss Plaintiff's § 1983 claims just because he failed to specifically name a constitutional provision in the Complaint. Rather, the Court can dismiss these claims only if the Complaint, when viewed in the light most favorable to Plaintiff, fails to plausibly allege a § 1983 claim, i.e., a "violation of a right secured by the Constitution and laws of the United States, . . . committed by a person acting under color of state law." *West*, 487 U.S. at 48; *see also Iqbal*, 556 U.S. at 678. As the Court finds that the Complaint does this, it declines to dismiss Plaintiff's Complaint for failure to state a § 1983 claim under Rule 12(b)(6).

As for the second question, based on the Complaint itself, the Court cannot find that Defendants' alleged "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson*, 555 U.S. at 231. Based on the current record, then, the Court cannot determine whether qualified immunity applies. It thus cannot grant Rule 12(b)(6) dismissal on qualified immunity grounds at this juncture.

That said, the Court also recognizes that its inability to determine whether qualified immunity applies is largely due to the Complaint's failure to identify specific constitutional provisions, as well as the incomplete briefing on the applicability of qualified immunity to the

---

[8] The Court also finds Plaintiff's assertion that "a review of Plaintiff's *verbatim* allegations in the Complaint demonstrates that Plaintiff identified the constitutional rights that Defendants violated—the constitutional right to bodily integrity and the constitutional right to be free from state created danger[,]" *see* Dkt. # 16 at 25 (emphasis added), to be false and disingenuous.

ORDER - 10

constitutional rights at issue in this case. Given these circumstances, the Court finds it appropriate to follow the lead of other courts (see Part III.A above) and deny the Rule 12(b)(6) motions but grant the Rule 12(e) motions for a more definite statement. It also notes that nothing in this Order should be read to prevent Defendants from raising (or reasserting) qualified immunity in a motion for summary judgment after further development of the record.

Accordingly, the Court DENIES Defendants' Motions to Dismiss but GRANTS Defendants' Motions for More Definite Statement as to these claims.

3. Individual Capacity Claims against Defendants for "Setting in Motion a Series of Events by Others"

Defendants argue that the Court should dismiss the claims against them in their individual capacities for "setting in motion a series of events by others" that led to violations of Plaintiff's rights. *See* Dkt. # 5 at 8–9 n.4. They contend that these claims are improper because a defendant in a § 1983 action can only be held liable for harms they personally and proximately caused. *Id*. Plaintiff does not specifically respond to this argument. *See generally* Dkt. # 16. Without further clarification from Plaintiff, the Court accepts Defendants' interpretation that Plaintiff seeks to hold Defendants liable for acts that they did not personally or proximately cause. As claims of this nature are beyond the scope of § 1983,[9] the Court finds dismissal proper. Accordingly, the Court GRANTS Defendants' Motions to Dismiss as to these claims.

---

[9] *See, e.g.*, *Safouane v. Fleck*, 226 F. App'x 753, 759–60 (9th Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (July 26, 2007) ("A prima facie case under § 1983 requires allegations showing how individually named defendants caused or personally participated in causing the alleged harm."); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). ("[A § 1983] plaintiff must establish proximate or legal causation."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), *abrogated on other grounds by Kane v. Garcia Espitia*, 546 U.S. 9 (2005) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.").

## IV
### Conclusion

For all these reasons, the Court:

(1) GRANTS in part and DENIES in part Defendants' Motions to Dismiss (Dkt. ##5–9). The Court dismisses without prejudice all claims against Defendants in their official capacities (to the extent such claims are asserted) and any claims against Defendants for "setting in motion a series of events by others" that led to violations of Plaintiff's constitutional rights. The Court denies Defendants' Motions as to all other claims.

(2) GRANTS in part and DENIES in part Defendants' Motions for More Definite Statement (Dkt. ##5–9). The Court grants Defendants' request to require Plaintiff to identify which constitutional right(s) Defendants allegedly violated. The Court denies, as moot, Defendants' request to require Plaintiff to distinguish between his official versus individual capacity claims.

(3) ORDERS Plaintiff to replead his claims so that it is clear on the face of the Complaint which constitutional rights Defendants allegedly violated. The Court also GRANTS Plaintiff leave to amend, if he wishes, as to any claims dismissed above. Plaintiff must file any such amended pleading on or before December 18, 2025.

Dated this 4th day of December, 2025.

John H. Chun
United States District Judge