UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| L.S., a minor, by and through his parents and legal guardians, DAVID STRODE and SARAH STRODE,<br><br>Plaintiff,<br><br>v.<br><br>KIRSTEN BOLDUAN ET AL.,<br><br>Defendants. | CASE NO. 3:25-cv-05621-JHC<br><br>ORDER |

**I**
**INTRODUCTION**

This matter comes before the Court on Defendants' Joint Motion for Protective Order (Dkt. # 30) and Plaintiff's Motion to Compel (Dkt. # 38). The Court has reviewed the materials filed in support of and in opposition to the motions, pertinent portions of the record, and the applicable law. The Court finds oral argument unnecessary. For the reasons below, the Court DENIES both motions.

**II**
**BACKGROUND**

This suit arises out of injuries sustained by Plaintiff L.S. after the structure in which he was living with his biological parents caught fire. Dkt. # 35 at 2. Plaintiff, a minor, brings this action by and through his adoptive parents and legal guardians, David Strode and Sarah Strode.

ORDER - 1

*Id.* Plaintiff sues five current and former employees of the Washington Department of Children, Youth, and Families (DCYF)—Kirsten Bolduan, Paige Snodgrass, Andrea Leal, Veronica De Alba, and Carolyn Gatlin—in their individual capacities under 42 U.S.C. § 1983. *Id*. at 2–3. He alleges that these five individuals caused him to be deprived of his rights to bodily integrity and freedom from state-created danger in violation of the Fourteenth Amendment of the U.S. Constitution. *Id*. at 22–24.

As pertinent to this Order, Plaintiff did not name DCYF as a defendant in this action. *See generally* Dkt. DCYF is, however, named as a defendant in a separate, state court action brought by Plaintiff and others involving similar facts and alleged harms. *See David Strode, et al., v. State of Washington, et al.*, Pierce County Superior Court, No. 25-2-09292-1. In that action, Plaintiff served written discovery on DCYF, and DCYF produced over 30,000 pages of records in response. *See* Dkt. # 30 at 3; *see also* Dkt. # 38 at 4. The parties also indicate that DCYF claimed privilege for some of the requested records in the state court case, leading the agency to submit a privilege log and produce some of the requested documents in redacted form. Dkt. # 46 at 6; *see also* Dkt. # 38 at 4–5.[1]

DCYF is represented in the state court action by attorneys from the law firm of Serpe Andrews, PLLC. *See* Dkt. ## 45 at 4; 47 at 5. Attorneys from Serpe Andrews also represent Defendants in this action. *See* Dkt. DCYF and Defendants thus share the same counsel, despite being distinct entities and mounting separate defenses against Plaintiff in two separate lawsuits.[2]

---

[1] The parties' submissions also indicate that Plaintiff and DCYF have been involved in various discovery disputes in the state court action. *See, e.g.*, Dkt. # 30 at 11 (stating that Plaintiff and DCYF "have extensively litigated the applicability of RCW 74.04.060 in the Superior Court for Pierce County, and in appeals to the Washington Court of Appeals arising out of the State Court Case"); Dkt. # 36 at 14 (discussing protective order proceedings in the state court case); Dkt. # 46 at 16 n.5 (discussing discovery of insurance-related documentation in the state court case).

[2] Plaintiff is also represented by the same counsel in both cases. *See* Dkt. # 30 at 10.

ORDER - 2

In connection with this action, Plaintiff served an identical set of 21 interrogatories and 60 requests for production—the Interrogatories and RFPS—on each Defendant on October 21, 2025. *See* Dkt. ## 30 at 3; 38 at 3; 46 at 4. The Interrogatories and RFPs cover various topics, ranging from Defendants' interactions and involvement with Plaintiff, to the drug tests results of Plaintiff's biological parents, to the documents relating to Defendants' insurance coverage for this action. *See generally* Dkt. ## 37-2 & 39-3. Defendants' responses were due on November 20, 2025. *See* Dkt. # 38 at 3; *see also* Dkt. # 46 at 5. On November 3, 2025, Defendants jointly moved for an order to stay discovery pending resolution of their previously filed Motions to Dismiss (Dkt. ## 5, 6, 7, 8, 9). Dkt. # 26. The Court denied the request on November 18, 2025, thereby permitting discovery to proceed. Dkt. # 29.

On November 20, 2025—the day of the discovery response deadline—Defendants served Plaintiff with their objections and responses to the Interrogatories and RFPs. *See* Dkt. ## 30 at 4; 38 at 4; 46 at 5. Subject to various objections, Defendants answered all the Interrogatories. *See generally* Dkt. # 39-3. Defendants also included the following sentence at the end of each answer: "Defendant reserves the right to amend or supplement her answer to this interrogatory in the event the Court denies her Motion to Dismiss." *Id*.

As for the RFPs, Defendants did not produce responsive documents for most of them. *See generally* Dkt. # 37-2. Instead, Defendants produced only "redacted case notes and a set of DCYF policies and procedures from 2019[ ] which they received from counsel." Dkt. # 30 at 4. In response to Plaintiff's other requests, Defendants stated: "None at this time. Defendant reserves the right to supplement pursuant to FRCP 26(e)." or:

> Defendant objects to this request as unduly burdensome because it seeks material from her which she does not have in her possession, custody, or control, and which she does not have the legal right to obtain.

ORDER - 3

Defendant further objects and asserts that the State of Washington, Department of Children, Youth and Families (hereinafter "DCYF") may possess documents, including case notes, medical records, and witness statements, which may be responsive to this request. However, as an individual, Defendant does not have personal possession, custody, or control of any documents, electronically stored information, or tangible things possessed by DCYF, nor does she have the legal right to obtain such material upon demand. *See Plintron Techs. USA LLC v. Phillips*, Case No. 2:24-cv-00093, 2025 U.S. Dist. LEXIS 68062, *14 (W.D. Wash. April 9, 2025) (defining an individual's legal control over a separate entity's documents as whether the individual has "the legal right to obtain [responsive] documents [from those companies] upon demand." (alterations in original)).

Defendant further objects and asserts that records that may be responsive to this request are confidential and protected as privileged communications under RCW 74.04.060, and Defendant, as an employee of DCYF, is obligated to maintain that confidentiality. Defendant incorporates by reference herein her Motion for Protective Order, and the relief requested therein.

Further answering, with consent of the Department of Children, Youth and Families, Defendant incorporates by reference and directs Plaintiff to Bates Stamps STRODE_000001-031178, 066505-074460, and 075111-076296 produced in *David Strode, et al., v. State of Washington, et al.*, Pierce County Superior Court, cause No. 25-2-09292-1. Further answering, Defendant incorporates by reference and directs Plaintiff to privilege logs produced on July 29, 2025, and September 23, 2025, produced in *David Strode, et al., v. State of Washington, et al.*, Pierce County Superior Court, cause No. 25-2-09292-1.

*See* Dkt. # 37-2.

Also on November 20, 2025, Defendants filed a Joint Motion for Protective Order (Dkt. # 30), asking the Court to "enter an order protecting them from Plaintiff's discovery requests that seek the production of materials that are not within their possession, custody, or control." Dkt. # 30 at 13. Plaintiff opposed the Motion, *see* Dkt. # 36, and later moved for an order compelling Defendants to provide additional responses to the Interrogatories and RFPs. *See* Dkt. # 38 at 19. As the issues raised in the parties' motions are largely the same, the Court addresses them together.

ORDER - 4

## III
### DISCUSSION

A.    Legal Standards

1.    Scope of Discovery

Discovery in federal court is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  "Although broad, 'the scope of discovery is not without limits.'"  *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, 2024 WL 628021, at *2 (S.D. Cal. Feb. 14, 2024) (quoting *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015)).  Thus, depending on the nature of the request, a party seeking discovery via a request for production or interrogatory may not be entitled to all the information they seek.

a.    Requests for Production

Under Federal Rule of Civil Procedure 34, "[a] party may serve on any other party a request [for any information] within the scope of Rule 26(b)[.]"  Fed. R. Civ. P. 34(a).  The other party then has 30 days to respond.  *See* Fed. R. Civ. P. 34(b)(2)(A).  Responses must "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).

If a party objects to a request for production on privilege grounds, they bear "the burden of proving that the withheld materials are actually privileged."  *Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 659–60 (W.D. Wash. 2008); *see also United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009) ("The party asserting the privilege bears the burden of proving each essential element.").  It also must provide a privilege log "documenting its assertion of the privilege[.]"  *Aecon*, 253 F.R.D. at 660.  But a party need not prove privilege or provide a

privilege log if it is not objecting to the request on privilege grounds.  *See, e.g.*, *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2017 WL 4325587, at *7 (C.D. Cal. Sept. 25, 2017) (holding that a party must produce a privilege log "[t]o the extent [they] withhold[ ] documents on the basis of an asserted privilege"); *Yellowstone to Uintas Connection v. Bolling*, 2021 WL 5702158, at *9 (D. Idaho Dec. 1, 2021) (concluding that certain documents "do not need to be logged on a privilege log because they [are] not excluded on a privileged basis").

Likewise, a party need not produce a document just because it is requested.  Instead, "Rule 34 only requires production of relevant[, non-privileged] documents that 'are in the responding party's possession, custody, or control.'"  *Genomics v. Song*, 2024 WL 2044627, at *6 (N.D. Cal. May 7, 2024) (quoting Fed. R. Civ. P. 34(a)(1)).  For Rule 34 purposes, "possession, custody or control" means "*actual* possession, custody or control" or "legal control," i.e., "the legal right to obtain the documents on demand."  *Id*. (quoting *Goolsby v. Cnty. of San Diego*, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019) (emphasis in original)).  And courts routinely reject the notion that a party's "practical ability" to obtain the documents or the existence of an "inherent relationship," like an employment relationship, is enough to create Rule 34 "possession, custody or control."  *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107–08 (9th Cir. 1999) (defining legal control and rejecting a definition of "control" that focuses on a party's practical ability to obtain the documents); *United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1454 (9th Cir. 1989) (defining actual control and rejecting a definition of "control" that focuses on "an esoteric concept" such as an "inherent relationship").

As for documents held by attorneys, federal courts have consistently held that responsive documents held by an attorney are within the responding party's control if the client has the legal right to obtain such documents on demand.  *See, e.g.*, *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) ("A party may be ordered to produce a document in the possession of a non-

ORDER - 6

party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. Such documents include documents under the control of the party's attorney." (internal quotation marks and citations omitted)); *King Cnty. v. Viracon, Inc.*, 2022 WL 782572, at *3 (W.D. Wash. Mar. 15, 2022) ("It is well-established that documents in the possession of a party's attorney are deemed to be in the party's possession."). But these cases do not hold that a client has a right to demand any document held by their attorney. Rather, they indicate that a client's right to demand materials from their attorney, and therefore the scope of discoverable information, is limited to documents that are "gathered or created by [a client's] attorneys pursuant to their representation of that client." *Am. Soc'y For Prevention of Cruelty To Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006); *see also Kravitz v. United States Dep't of Com.*, 382 F. Supp. 3d 393, 402 (D. Md. 2019).

"The party seeking production of the documents [ ] bears the burden of proving that the opposing party has such control." *Int'l Union*, 870 F.2d at 1452. And if the party serving discovery cannot show that the opposing party has actual or legal control over the documents, the court cannot compel the opposing party to produce such a document. *See, e.g.*, *Genomics*, 2024 WL 2044627, at *9 (denying motion to compel because the party seeking discovery failed to demonstrate that the opposing party had "control" over the requested documents); *Plintron Techs. USA LLC v. Phillips*, 2025 WL 1070497, at *5 (W.D. Wash. Apr. 9, 2025) (same).

        b.      Interrogatories.

Interrogatories are governed by Federal Rule of Civil Procedure 33. It provides:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

ORDER - 7

Fed. R. Civ. P. 33(a)(2).  A responding party has 30 days to serve its answers and objections to the interrogatory.  Fed. R. Civ. P. 33(b)(2).  Interrogatories must be answered "fully in writing under oath" to the extent that they are not objected to, and objections "must be stated with specificity."  Fed. R. Civ. P. 33(a)(3)–(4); *see also Jacobs v. Quinones*, 2015 WL 3717542, at *1 (E.D. Cal. June 12, 2015) ("The responding party is obligated to respond to the interrogatories to the fullest extent possible[.]") (citation omitted).

The Rules further provide that a party may not provide an "evasive or incomplete" response to an interrogatory.  Fed. R. Civ. P. 37(a)(4).  But a response is not "evasive or incomplete" just because a party lacks the requisite information to provide a detailed answer. *See, e.g.*, *Sec. & Exch. Comm'n v. Mazzo*, 2013 WL 12172628, at *4 (C.D. Cal. Oct. 24, 2013) ("A response is not evasive if the responding party states it cannot provide an adequate response due to a lack of knowledge."); *Silva v. McKenna*, 2012 WL 1596971, at *4 (W.D. Wash. May 7, 2012) (A party "cannot be compelled to provide information that [they do] not have.").  And courts will not issue orders to compel when the requesting party "merely contends that [the opposing party's] responses are 'incomplete, evasive, ambiguous, [or] non-specific'" but "fails to specifically address" how or why the responses are deficient.  *Rhoden v. Dep't of State Hosps.*, 2019 WL 316860, at *7 (E.D. Cal. Jan. 24, 2019); *see also Petillo v. Hainey*, 2021 WL 63301, at *2 (E.D. Cal. Jan. 7, 2021).

2.      Discovery Orders

District courts have "broad discretion" to "permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (cleaned up and citations omitted).  This discretion includes the power to issue protective orders and orders to compel.  *See* Fed. R. Civ. P. 26(c), 37(a); *see also Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009) ("The decision to issue a protective order rests within the sound discretion of the trial court."); *Morrison v.*

ORDER - 8

*Washington*, 2022 WL 8189330, at *2 (W.D. Wash. July 25, 2022) ("A district court has broad discretion to grant or deny a motion to compel.").

   a.  Protective Orders

  Federal Rule of Civil Procedure 26(c) provides that a party "from whom discovery is sought may move for a protective order[.]" Fed. R. Civ. P. 26(c)(1). And "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). But "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy [this standard]." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

   b.  Orders to Compel

  Under Federal Rule of Civil Procedure 37(a), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion may be warranted if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(iii)–(iv).

  The party seeking to compel discovery "bears the burden of informing the Court which discovery requests are the subject of [their motion] and, for each disputed response, why [the responding party's] objection is not justified." *Williams v. Cate*, 2011 WL 6217378, at *1 (E.D. Cal. Dec. 14, 2011). The requesting party "may not simply assert that [they have] served discovery requests, that [they are] dissatisfied, and that [they want] an order compelling further responses"—they must identify and fully explain why the responses are deficient. *Id*.; *see also*

ORDER - 9

*Haynes v. Sisto*, 2010 WL 4483486, at *1 (E.D. Cal. Nov. 1, 2010) ("[The party moving to compel] has the burden of accurately identifying [their] requests and describing why [the opposing party's] particular response is inadequate.").

B.    Analysis

    1.    RFPs

Defendants ask that the Court deny Plaintiff's Motion to Compel and instead issue an order protecting them from "Plaintiff's discovery requests that seek the production of materials that are not within their possession, custody, or control." Dkt. # 30 at 13; *see also* Dkt. # 46 at 2. Defendants argue that out of the 60 RFPs, 51 of them "ostensibly request records that belong to DCYF, and that do not belong to any of the individual Defendants." Dkt. # 30 at 5. They further contend that although some of them may have "access" to the requested records, none of them "have personal possession, custody, or control of any documents, electronically stored information, or tangible things possessed by DCYF, nor does any one of them have the legal right to obtain such material upon demand." *Id*. at 6. Finally, they argue that without a protective order, they will be "harmed," as Defendant De Alba no longer works for DCYF, thereby preventing her from complying with an order to compel, and the other Defendants who still work for DCYF will be placed in a "troublesome position with their employer" if they are "forced to choose between violating their employer's policy on access to and dissemination of sensitive records, and the Court's order compelling production." *Id*. at 12.

Plaintiff responds that Defendants are not entitled to a protective order and instead, should be compelled to produce all responsive documents. *See generally* Dkt. ## 36 & 38. He argues that Defendants have "control" over the requested documents, because their attorneys "possess all responsive documents" and "documents possessed by [a] party's attorneys are within that party's possession, custody, and control under Rule 34[.]" Dkt. # 36 at 2, 10. They also

ORDER - 10

note that Defendants produced hundreds of heavily redacted documents without a privilege log or a protective order in place and have failed to show good cause to support their proposed protective order. Dkt. ## 38 at 6; 36 at 16. They thus contend that Defendants are withholding documents in violation of their discovery obligations, and should be compelled to produce all requested documents, particularly those that relate to Defendants' insurance coverage and Plaintiff's biological parents' drug tests. Dkt. # 38 at 2, 14; *see also* Dkt. # 36 at 11.

Here, the Court does not find that Plaintiff has met its burden of showing that Defendants have actual or legal control over the documents in question.[3] Although Plaintiff states that Defendants' attorneys have "collected these very documents" and are using them "to build their case," he provides no evidence to support this assertion. *See* Dkt. # 36 at 11; *see also* Dkt. # 47 at 2–3. Plaintiff also fails to explain why the Court should conclude that Defendants' attorneys collected these documents and are using them in this case, as opposed to merely possessing the documents due to their involvement with another case involving Plaintiff. *See generally* Dkt. ## 36, 38, 47.[4] In contrast, Defendants attest that "[t]he documents Plaintiff seeks were not gathered or created by Defendants' attorneys pursuant to their representation of Defendants; they were gathered pursuant to counsel's representation of DCYF and shared with Defendants with DCYF's consent." Dkt. # 45 at 4; *see also* Dkt. # 46 at 13. Based on the present record, the

---

[3] Contrary to Plaintiff's suggestion, *see* Dkt. # 36 at 10, it is Plaintiff who bears the burden of demonstrating that the documents are in Defendants' control, not the other way around. *See Int'l Union*, 870 F.2d at 1452.

[4] The Court also notes that Plaintiff's broader argument—that a party "controls" *any* responsive documents possessed by their attorney, regardless of how the attorney obtained the documents—is not supported by their cited cases. It is also untenable and prudentially unwise, as it would permit parties to engage in discovery gamesmanship by bringing multiple actions against different parties who are represented by the same counsel solely to gain access to disputed discovery materials in one case via discovery requests in a separate case.

ORDER - 11

Court does not find that all DCYF records[5] held by Defendants' attorneys are within Defendants' "possession, custody, or control" under Rule 34. It thus declines to compel Defendants to produce these records at this time. *See, e.g.*, *Genomics*, 2024 WL 2044627, at *9 (denying motion to compel because the party seeking discovery failed to demonstrate that the opposing party had "control" over the requested documents); *Plintron*, 2025 WL 1070497, at *5 (same); *Opico v. Convergent Outsourcing, Inc.*, 2019 WL 3067202, at *2 (W.D. Wash. July 12, 2019) (same).

That said, the Court also acknowledges that Defendants and DCYF are represented by the same attorneys. It thus acknowledges the practical reality that Defendants' attorneys may be able to access and consult DCYF's records in support of Defendants' representation in this action, despite having initially received the documents in connection with their separate representation of DCYF in the state court case. If this were to occur, either now or in the future, the Court would view such documents as collected by Defendants' attorneys pursuant to their representation of Defendants, thereby bringing the DCYF records within the permissible scope of discovery. In such a situation, Defendants would need to produce the documents and could face sanctions for failing to disclose possession of the records or for withholding them absent a proper assertion of privilege. Because of this reality, as well as the fact that denying Plaintiff's Motion to Compel eliminates any harms that Defendants may face in the absence of a protective

---

[5] These DCYF records presumably also include any responsive documents to Plaintiff's request for drug-testing records, as such records would normally belong to Washington State, not individual employees like Defendants. *See* Dkt. # 38 at 16–18; *see also* Dkt. # 36 at 16 ("If any Defendant requested that either of L.S.'s biological parents take a drug test, it would have been in her capacity as an employee of DCYF—one private citizen does not have the right to ask another to submit to a drug test. Accordingly, any resulting records from such drug testing would be a record of DCYF."). Plaintiff has also not made any showing that the requested drug-testing records are currently in Defendants' possession, custody, or control, beyond suggesting that these documents are among the records held by Defendants' attorneys. *See generally* Dkt. ## 38 & 47.

ORDER - 12

order, *see* Dkt. # 30 at 12, the Court does not find a protective order necessary at this point in time.

Plaintiff's other main arguments—that Defendants must produce insurance coverage documents and unredacted documents (or redacted documents accompanied by a privilege log)—are also unavailing. As for the insurance coverage documents, Plaintiff requested "a copy of the insurance policies which provide coverage for any of the claims made in Plaintiffs Complaint for damages" and "all documents affecting coverage related to this lawsuit including but not limited to blue sky letters and reservation of rights." Dkt. # 37-2 at 42–43; *see also* Dkt. # 38 at 14. Defendants responded by producing copies of their insurance policy and a letter demanding indemnity from the Grays Harbor Prosecutor's Office. *See* Dkt. ## 46 at 13–16; 38 at 14; *see also* Dkt. # 37-2 at 42–43. They also stated, "[T]here are no documents concerning blue sky letters or reservation of rights" and "DCYF may possess documents . . . which may be responsive to this request." Dkt. # 37-2 at 42–43.

Plaintiff claims that these responses are inadequate, saying Defendants failed to comply with Washington Superior Court Civil Rule 26(b) and did not provide all communications with their insurance carriers, the name of Defendants' coverage counsel, and all other information affecting coverage. *See* Dkt. # 38 at 14–16. But discovery of insurance-related information in federal court is governed by Federal Rule of Civil Procedure 26, not Civil Rule 26. And Federal Rule 26 does not require production of all insurance-related documents. *See* Fed. R. Civ. P. 26(a)(1)(A)(vi); *see also Excelsior Coll. v. Frye*, 233 F.R.D. 583, 586 (S.D. Cal. 2006) ("[Rule 26] merely requires the disclosure of an insurance policy or other agreement that gives rise to an insurer's obligation to indemnify or hold its insured harmless for a judgment, and does not require the production of all agreements relating to insurance[.]"). Additionally, Plaintiff has not shown that Defendants control other documents that relate to the insurance-related requests (nor

ORDER - 13

explained why the requested information is relevant to their Section 1983 claim and proportional to the needs of the case).  *See generally* Dkt. # 38.  The Court thus finds no basis to grant Plaintiff's Motion to Compel as to these documents.

The Court also finds no reason to engage with the parties' privilege arguments,[6] as Defendants' failure to produce documents is not based on any claim of privilege.  *See* Dkt. # 46 at 6; *see also* Dkt. # 36 at 12 (Defendants do "not request the right to withhold or redact documents based on any privilege.").  Defendants also state, and Plaintiff does not contest, that "No Defendant applied redactions herself to the documents produced to Plaintiff."  Dkt. # 46 at 6.  The Court thus finds the parties' privilege arguments moot and declines to address them in this Order.  The Court likewise declines to address all other arguments raised by the parties' submissions, as it finds the remaining arguments improper, legally unsound, or otherwise mooted by the Court's discussion above.[7]

---

[6] The parties' privilege arguments include: whether RCW 74.04.060 applies to DCYF's records and employees, *see* Dkt. ## 30 at 11; 36 at 12; 45 at 5, whether Defendants may redact documents without a protective order in place, *see* Dkt. ## 36 at 14; 38 at 6, 11, whether Defendants must submit a privilege log, *see* Dkt. ## 38 at 7, 10; 46 at 6, and whether Defendants have satisfied their burden of claiming a privilege, *see* Dkt. # 38 at 10.

[7] *See, e.g.*, Dkt. # 30 at 10 (arguing that Plaintiff should seek the requested records directly from DCYF, as DCYF is a "more convenient and less burdensome" source); *id*. (arguing that Plaintiff's requests are "unreasonably cumulative and duplicative," as Plaintiff already has access to the documents he seeks); Dkt. # 45 at 5, 7 (arguing that the Court should abstain from weighing in on the applicability of RCW 74.04.060 to DCYF's records under *Younger*, as the issue is currently pending before the Supreme Court of Washington); Dkt. # 46 at 4 (claiming that Plaintiff's discovery requests are temporally and topically "overbroad"); Dkt. ## 36 at 3, 6; 38 at 3 (claiming that Defendants have engaged, and are engaging, in stall tactics to cause delay); Dkt. # 36 at 8 (arguing that Defendants' Motion for Protective Order is untimely based on Local Civil Rule 7(j)); *id.* at 6 (stating that Washington State has "routinely entered protective orders that allowed production of the same types of records DCYF now claims are privileged); *id.* at 14 (stating that "[t]here is a high degree of deceit contained in Defendants' Motion for Protective Order"); *id.* at 15 (arguing that Defendants cannot withhold documents based on a pending Washington Supreme Court case); Dkt. # 38 at 8 (claiming that Washington State and its attorneys "have a long and consistent history of concealing information in discovery"); *id*. at 18 (discussing the applicability of discovery sanctions but noting that Plaintiff "is not requesting sanctions").

ORDER - 14

2.      Interrogatories

Plaintiff argues that "Defendants did not provide complete answers to Plaintiff's Interrogatories." Dkt. # 38 at 12. Citing Defendants' repeated sentence in response to each question—"Defendant reserves the right to amend or supplement her answer to this interrogatory in the event the Court denies her Motion to Dismiss"—Plaintiff argues that Defendants are improperly using their duty to supplement to "withhold information" in violation of Rule 33. *Id.*

But Defendants contend that they provided "complete" and "substantive" responses, *see* Dkt. # 46 at 1, 5, and Plaintiff does not explain how or why Defendants' responses are deficient. *See generally* Dkt. ## 38 & 47. The Court also finds nothing on the face of the document that would suggest otherwise. *See generally* Dkt. # 39-3.[8] Accordingly, the Court cannot conclude based on the present record that Defendants have withheld information or provided incomplete responses in violation of Rule 33. It thus finds no valid basis to issue an order compelling Defendants to supplement their Interrogatory responses, so it declines Plaintiff's request to do so. *See, e.g.*, *Silva*, 2012 WL 1596971, at *4 (denying motion to compel further responses to

---

[8] The Court also does not interpret Defendants' responses as an attempt to use the duty to supplement to improperly "withhold information." Instead, when viewed in context, the Court understands Defendants' responses as affirming the duty to supplement under Rule 26(e). *See* Fed. R. Civ. P. 26(e)(1)(A); *see also McIntire v. Hous. Auth. of Snohomish Cnty.*, 731 F. Supp. 3d 1212, 1221 (W.D. Wash. 2024) ("The duty to disclose is ongoing, and parties must supplement [disclosures and responses] as new information becomes available."). Should the Court later learn that Defendants were actually withholding information when they responded to the Interrogatories, Defendants' statements regarding supplementation would of course be insufficient to shield them from consequences for their failure to timely disclose. *See, e.g.*, *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 339 (D. Ariz. 2009) ("[The party's] failure to initially disclose these documents violates Rule 26(a)(i)(A)(ii), and absent a justification for that failure, supplementation under Rule 26(e) does not excuse the violation."); *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 2015 WL 1263339, at *3 (W.D. Wash. Mar. 18, 2015) (concluding that a party violated Rule 26(a) with respect to certain documents, notwithstanding its later disclosure). But as Plaintiff has provided no evidence that Defendants were withholding information when they submitted their answers on November 20, 2025, such a concern is purely hypothetical and does not satisfy Plaintiff's burden of showing deficient discovery responses at this juncture.

ORDER - 15

interrogatories because a party "cannot be compelled to provide information that [they do] not have").

## IV
### CONCLUSION

For these reasons, the Court DENIES Defendants' Joint Motion for Protective Order (Dkt. # 30) and DENIES Plaintiff's Motion to Compel (Dkt. # 38).

Dated this 12th day of February, 2026.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 16